Clyde L. HALL, and Fred V.
Culp, Plaintiffs,

v.

STATE BOARD OF TAX COMMISSION-
ERS, Town Board of Trustees of Mid-
dletown, Middletown Municipal Build-
ing Corporation, Defendants.

33T05–8703–TA–00012.

Tax Court of Indiana.

April 6, 1987.

Charles F. Braddock, Anderson, for plaintiffs.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Deputy Atty. Gen., Indianapolis, Gregory L. Crider, New Castle, for defendants.

FISHER, Judge.

### STATEMENT OF THE CASE

This lawsuit has been initiated by Plaintiffs, Clyde L. Hall and Fred V. Culp, essentially to prevent the Defendants, Town Board of Trustees of Middletown (Town) and Middletown Municipal Building Corporation (Building Corporation), from completing a procedure whereby Building Corporation would acquire and construct a

structure to Town's specifications and the same would be leased by Town, and used as a Town Hall, to house the fire department, ambulance service, and Town offices. Building Corporation would finance the acquisition and construction by a bond issue and the bonds would be repaid by lease payments from the town annually, same to be provided for from taxation.

This Court has jurisdiction by reason of the Defendant State Board of Tax Commissioners' (State Board) final determination approving the lease between Town and Building Corporation.

The Court makes the following findings of fact:

1. That the Town of Middletown, Indiana is a municipality.

2. That Building Corporation is a not-for-profit corporation organized pursuant to IND.CODE 23-7 (1982).

3. That Fairfield School in Middletown has an asbestos condition which will cost $200,000 to correct.

4. That the existing town hall facility is inadequate, beyond repair, unsafe, and cannot be made suitable for fire equipment and emergency medical equipment.

5. That the facility to be constructed is to be approximately 8,692 square feet at a cost of $431,381. The cost of the demolition of existing building (Benson Building) is $19,619, cost of land is $47,500, and architect, accounting, legal and miscellaneous costs amount to $176,500.

6. Defendant, State Board held a hearing on November 17, 1986 after Plaintiffs filed a remonstrance with State Board as provided by IC 36-1-10-14 (1982).

7. State Board, on January 27, 1987, issued its final determination approving said lease and finding the lease payments reasonable.

8. Ordinance 6-86 was adopted on August 19, 1986.

9. Hearing on proposed lease, to be held on September 9, 1986, was advertised in Middletown News by publication on August 21, 1986, and August 28, 1986.

10. Said hearing on proposed lease was held on September 9, 1986.

11. At said hearing, neither Plaintiffs nor anyone else asked any questions or objected to the lease, its provisions, or the parties to same.

12. The damages which may accrue to the Defendants should they prevail in this lawsuit and which accrue as a result of this pending action, are as follows: architects $30,000, construction $100,000, accounting and financing $60,000, attorney fees $20,-000.

## DISCUSSION AND DECISION

It is conceded by the parties that this action is a public lawsuit as defined by IC 34-4-17-1(b) (1982), which reads as follows:

'Public lawsuit' shall mean any action whereby the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of any public improvement by any municipal corporation is questioned directly or indirectly, including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin such construction, financing or leasing, and shall mean any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation. This definition, as used in this chapter, shall not be construed to broaden any right of action as is now validly limited by applicable law.

IC 34-4-17-2 (1982) provides that "[a]ll public lawsuits shall be brought solely in conformity with and governed by the provisions of this chapter." IC 34-4-17-5 (1982) reads as follows:

At any time prior to the final hearing in public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under IC

34–1. If at the hearing the court determines that the plaintiff cannot establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails. In the event such bond is not filed by the plaintiff with sureties approved by the court within ten (10) days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana supreme court within such ten (10) day period by notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition. The supreme court may stay the lower court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order as a final order in a case. In the event no bond is filed as provided in this section, the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein. Provided, that nothing in this section is intended to create nor shall it be construed as creating, any additional cause of action on the part of any municipal corporation, person, partnership, or corporation, unless the defendant is required to and does post bond.

The Defendant filed the aforementioned petition; on March 17 and 18, 1987, an interlocutory hearing was held. It is this Court's duty to determine if the Plaintiffs have established facts that would entitle them to a preliminary injunction. If such facts are established, this suit will pend the trial of the issues, and if they are not, then this Court is to determine a bond in an amount to cover all damages and costs which may accrue to the Defendants by reason of this suit in the event Defendants prevail. If the bond is not filed within 10 days of the order establishing same, then this lawsuit shall be dismissed.

The purpose of this statutory scheme [IC 34–4–17] is to protect the public against a 'flood of harrassing litigation' which obstructs and delays public improvement at prohibitive costs and from 'the financial damage of completely nonmeritorious litigation.' The requirement that the plaintiff must introduce evidence sufficient to show the trial court that there is a substantial question to be tried accomplishes those purposes adequately by eliminating merely harrassing suits or completely non-meritorious litigation. *Johnson v. Tipton Community School Corporation* (1970), 253 Ind. 460, 255 N.E.2d 92, 94, quoting *State ex rel Haberkorn v. DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62, 66.

Have the Plaintiffs presented evidence sufficient to show that there is a substantial question to be tried?

■ In Count I of the complaint, the Plaintiffs challenge the State Board's determination in approving the lease. This Court can only review decisions of the State Board of Tax Commissioners and determine whether the final determination is supported by substantial evidence, is according to law, or is arbitrary and capricious (that a reasonable person based upon the same evidence would decide otherwise). *State Board of Tax Commissioners v. South Shore Marina* (1981), Ind.App., 422 N.E.2d 723; *State Board of Tax Commissioners v. Gatling Gun Club, Inc.* (1981), Ind.App., 420 N.E.2d 1324.

■ A review of the evidence presented to the State Board essentially establishing the facts 3, 4, and 5 does not disclose any lack of substantial evidence nor is the decision of the Board arbitrary and capricious. The Court finds that there is no substantial question to be presented at the trial as to the propriety of the final determination of the State Board in their determination of January 27, 1987.

In Count II of the complaint, the Plaintiffs contend that the Building Corporation was not properly constituted and in Count III contend that the execution of the lease

is not proper. The allegations of each count are somewhat confusing in that they seem to allege the same things but they basically allege that the procedures creating the Building Corporation and surrounding the execution of the lease were improper.

IC 34–4–17–8(c) (1982) reads:

Where as a condition precedent to the construction, financing or leasing of a public improvement the municipal corporation is required to hold a public hearing thereon preceded by public notice thereof, and hearing is held and the notice is given in accordance with applicable law, the plaintiff in a public lawsuit *shall not be entitled to raise any issue in the public lawsuit which he could have but did not raise at such hearing*; and any matters or issues relating to any procedural matters which were not raised and could have been redone or corrected following such hearing are hereby declared to be irregularities and not jurisdictional to the power of the municipal corporation or its governing body in connection with such construction, financing or leasing. (Emphasis added).

IC 36–1–10–13(a), (b), (c) and (d) (1982) read:

(a) After the leasing agent and the lessor have agreed upon the terms and conditions of the lease, but before the execution of the lease, the leasing agent shall publish notice, in accordance with IC 5–3–1, of a public hearing to be held before the leasing agent. The cost of the publication of the notice shall be paid by the lessor. Notice of the hearing must be given at least ten (10) days before the hearing is held.

(b) The notice must state the date, place, and hour of the hearing and provide a summary of the principal terms of the lease. Additionally, the notice must contain the name of the proposed lessor, the location and character of the structure to be leased, the rental to be paid, and the number of years the lease is to be in effect.

(c) The proposed lease, drawings, plans, specifications, and estimates for the structure are open to public inspection during the ten (10) day period and at the hearing.

(d) All persons are entitled to be heard at the hearing as to whether the execution of the lease is necessary and whether the rental is fair and reasonable for the proposed structure. After the hearing, which may be adjourned from time to time, the leasing agent may modify, confirm, or rescind the proposed lease, but the rental as set out in the published notice may not be increased.

This hearing (subsection (d)) is the hearing referred to in IC 34–4–17–8(c) quoted above.

■ The evidence is that the Plaintiffs (or anyone else) did not speak against the lease or in fact say anything during the hearing. Counsel for Plaintiff has argued that such would have been useless because the lease had already been executed. Ordinance 6–86 approving the lease makes the lease subject to the hearing. The Court finds the Town was not bound by the lease as of the hearing, and in fact, could discontinue the proceedings, or backup and start over if they found there was merit in the objections raised. Plaintiffs, by their silence at the hearing, prevented the Town from considering and conceivably acting on their views and they therefore did not exhaust their administrative remedies.

Since Plaintiffs did not raise any issues at the hearing, they cannot raise them in this lawsuit as provided in IC 34–4–17–8(c).

The Court therefore finds that there is no substantial question to be presented at trial as to Counts II and III of Plaintiffs' complaint.

The Court further finds that Plaintiffs have not established facts that would entitle them to a temporary injunction.

■ We next turn to the issues of how much of a bond should be ordered posted. Such must be in an amount to cover all damages and costs which may accrue to the Defendants by reason of the pendency of this suit should they prevail.

This lawsuit could reasonably be heard on the merits and decided prior to July 1,

1987. If the matter was not required to be rebid, this would allow sixty (60) days to sell the bonds and to allow construction to begin by September 1, 1987. If the matter must be rebid, it would probably be December 1st before construction could begin.

From the evidence, the Court finds that should the Defendants prevail in this suit on the merits, that damages and costs may accrue to them in the total amount of $210,000.

Accordingly, pursuant to IC 34-4-17-5, the Plaintiffs are ordered to file bond in the amount of $210,000 with sureties to be approved by the Court within ten (10) days from the date of this order, or if not so filed this suit shall be dismissed pursuant to IC 34-4-17-5.