**AMERICAN JUICE CO., INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 49T05–8710–TA–00049.**

Tax Court of Indiana.

Sept. 1, 1988.

James L. Wieser, Highland, for petitioner.

Linley E. Pearson, Atty. Gen., by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

### STATEMENT OF CASE

American Juice is a wholly owned subsidiary of Canfield Beverage, Inc., formed as

a companion corporation for the distribution of juice products. After search and consideration of several locations in different states and other parts of Indiana, the company chose property at 1 North Bridge Street, Gary, Indiana as a site for its plant. A factor in the selection of this site was the availability of tax abatement in the form of a deduction for new manufacturing equipment. Officials and representatives of the City of Gary indicated that such abatement provided by IC 6–1.1–12.1–1 *et seq.* would be available to American Juice. In both 1985 and 1986, American Juice deducted the amounts it considered proper under IC 6–1.1–12.1–1 *et seq.*, then reported the net amount on its returns. It did not follow the procedures outlined in the statutes. At the time American Juice filed its returns, it believed that it had complied with all prerequisites necessary to claim the deduction. A hearing was held concerning the 1986 return and the State Board denied the deduction on the basis, *inter alia,* that there was insufficient evidence that the property was located in an economic revitalization area.

## DECISION

The deduction sought by American Juice is available for new manufacturing equipment or other property located in an economic revitalization area. IC 6–1.1–12.1–1(1) defines an economic revitalization area as:

> [A]n area which is within the corporate limits of a city, town, or county which has become undesirable for, or impossible of, normal development and occupancy because of a lack of development, cessation of growth, deterioration of improvements or character of occupancy, age, obsolescence, substandard buildings or other factors which have impaired values or prevent a normal development of property or use of property.

■ Property tax deductions provided for in IC 6–1.1–12.1–4.5 and IC 6–1.1–12.-1–3 are available only if the new manufacturing equipment or other property is located within an economic revitalization area. IC 6–1.1—12.1–2(e). It is incumbent upon the person seeking to claim the deduction to proffer evidence establishing that its property is actually located within an area properly designated as an economic revitalization area. American Juice did not proffer such evidence prior to or on the date of the State Board's final determination.[1] Consequently, this court is again faced with a case where the taxpayer has failed to present sufficient evidence to the State Board, and desires to rectify its error by presenting additional evidence to this court.

This court has exclusive jurisdiction over initial appeals of the State Board's final determinations arising under Indiana tax laws. IC 33–3–5–2. Review of final determinations is governed by the law that applied before the creation of this court. IC 33–3–5–14.

■ In *Uhlir v. Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312, 314, the Indiana Supreme Court held that a court making a determination under a particular statute must look at the facts as they were found by the administrative agency. Furthermore, "[i]f evidence not presented to the board were admissible on judicial review, the court sitting in review would have to weigh the evidence and draw its own conclusions thereon. The court would then be intruding upon the discretionary authority of the board." *State Bd. of Tax Comm'rs v. Gatling Gun Club, Inc.* (1981), Ind.App., 420 N.E.2d 1324, 1328. This court has already noted its limited scope of review in *Meridian Hills Country Club v. State Board of Tax Commissioners* (1987), Ind. Tax, 512 N.E.2d 911, and *Indiana Association of*

---

1. The court notes that subsequent to the State Board's final determination, American Juice did obtain the necessary designation and appears to have complied with the requirements necessary to obtain the deduction. However, for the reasons stated herein, this court may only consider that which has occurred prior to the date of the State Board's final determination unless subsequent acts of the State Board relate to its determination. *See New Trend Beauty School, Inc. v. Ind. State Bd. of Beauty Culturist Examiners* (1988), Ind.App., 518 N.E.2d 1101, 1106; *Mediate v. City of Indianapolis* (1980), Ind.App., 407 N.E.2d 1194, 1196. Such subsequent acts have not occurred.

*Seventh–Day Adventists v. State Board of Tax Commissioners* (1988), Ind.Tax, 519 N.E.2d 772. Based upon IC 33–3–5–14 and the case law limiting the scope of review of administrative decisions, this court cannot consider the evidence that American Juice failed to submit to the State Board. Thus, there is no evidence which this court may consider which establishes that the property for which American Juice seeks the deduction is located in an economic revitalization area.

■ The court further holds that the penalty imposed under IC 6–1.1–37–7 cannot be waived. The statute imposes a 20 percent penalty on a taxpayer who undervalues property on a tax return by more than 5 percent of the value that should have been reported on the return. It is clear that the value of property at issue here exceeded 5 percent of all the property to be reported by the taxpayer. "The statute is clear and offers no opportunity for discretion in applying the penalty if the facts meet the requirements of the statute." *Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 519 N.E.2d 238, 243.

The State Board's motion for summary judgment concerning 1986 is hereby granted and the cross-motion of American Juice for summary judgment is denied. Judgment for Respondent State Board of Tax Commissioners.