**BAILEY SEED FARMS, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS of the State of Indiana, Respondent.**

**No. 38T05–8807–TA–00040.**

Indiana Tax Court.

Aug. 17, 1989.

Lon R. Racster, Hinkle & Racster, Portland, for petitioner.

Linley E. Pearson, Atty. Gen. by Joel Schiff, James R. Green, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF CASE

Petitioner, Bailey Seed Farms, Inc., appeals a final determination by Respondent, State Board of Tax Commissioners, pertaining to liability for property tax on inventory in Bailey's possession on March 1, 1987.

## FACTS AND EVIDENCE

Bailey filed a Business Property Tax Return on or about June 15, 1987. On an attached Form 103–N, Bailey claimed that certain seeds in its possession were owned by Stine Seed Farm, Inc. A hearing was held to review the property tax return and attendant claims. The hearing officer requested additional documentation to support the return as filed. Copies of agreements between Bailey and Stine, an "available to sell" report, a "Sales to Stine" ledger, and a trial balance were submitted by Bailey representatives.

After a review of the documentation received from Bailey, the State Board assessed Stine for certain seed inventory in Bailey's possession. Stine disputed Bailey's 103–N claims and appealed the assessment. The State Board sent notice to Bailey of a rehearing to be held on April 6, 1988. No one from Bailey appeared at the rehearing. Notice was also sent of an additional hearing scheduled for May 2, 1988. Again, no one representing Bailey appeared. The purpose of the rehearings was for Bailey to provide information which would further justify Bailey's 103–N claims in light of Stine's purported denial of ownership of the seeds in Bailey's possession.

On July 1, 1988, the State Board issued a final assessment determination in which it determined that Bailey, not Stine, was liable for the tax. The Board's determination was based upon the hearing officer's recommendation. In his report, the hearing officer indicated that Stine convinced him that "they did not acquire title to seed until they paid for it, and once Bailey contracted to sell seed to third parties, those units were not owned or assessable to Stine."

Respondent's Exhibit 7 at 2 (Written Findings). The record is silent regarding the basis for the hearing officer's conclusions.

The State Board adopted the hearing officer's report because, in the Board's judgment, Bailey's 103-N claim was not adequately supported. Ex. 7 at 3. The Board specifically made reference to a settlement agreement between Bailey and Stine on November 18, 1987, as support for the hearing officer's conclusion that the parties intended for Bailey to retain title to inventory during the assessment period. Ex. 7 at 5.

## DECISION

The assessment was made pursuant to IC 6–1.1–2–4, which reads in pertinent part:
  (a) The owner of any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property.
  (b) A person holding, possessing, controlling, or occupying any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property unless:
  (1) he establishes that the property is being assessed and taxed in the name of the owner; or
  (2) the owner is liable for the taxes under a contract with that person.

"The statute does not clearly establish whether the owner or the possessor is primarily responsible for the tax." *Jewell Grain Co., Inc. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 524 N.E.2d 49, 52 (citing *Empire Gas of Rochester, Inc. v. State* (1985), Ind.App., 486 N.E.2d 1036, 1041). It is clear, however, that Bailey is not liable for the tax if it "establishes that the owner is being assessed and taxed." Normally, a possessor of tangible personal property avoids liability by filing a Form 103–N establishing ownership of the property in someone else. Form 103–N claims are subject to verification by the State Board.

In response to the hearing officer's request, Bailey submitted, *inter alia*, a copy of an agreement between Bailey and Stine whereby Bailey agreed to provide various services to Stine and to abstain from the promotion or sale of any type of seed product sold by Stine. (Plaintiff's Exhibit A, Page One). The agreement not to promote or sell seeds was in force during the period of assessment. *Id.* Other documents submitted by Bailey as proof of its 103–N claim show the amounts of grain in Bailey's possession as well as prior sales to Stine.

The supreme court has noted that courts "must carefully police the scope of their review so that they do not intrude into the area of valid administrative discretion." *Uhlir v. Ritz* (1970), 255 Ind. 342, 344, 264 N.E.2d 312, 313. Accordingly, this court will not overturn a State Board final determination unless the determination is not supported by substantial evidence, is an abuse of discretion, is in excess of statutory authority, or is arbitrary or capricious. *Porter's South Shore Cleaners v. State* (1987), Ind.Tax, 512 N.E.2d 895, 898; *See also Hall v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 891, 893 (a final determination must be according to law).

The State Board's determination in this case needs to be examined under the "substantial evidence" and "arbitrary or capricious" standards. "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *South Shore Marina v. Bd. of Tax Comm'rs* (1988), Ind.Tax, 527 N.E.2d 738, 742 (quoting *State Bd. of Tax Comm'rs v. South Shore Marina* (1981), Ind.App., 422 N.E.2d 723, 731). A finding should be set aside under the substantial evidence standard when it lacks a reasonably sound basis of evidentiary support. *City of Evansville v. Southern Indiana Gas & Electric Co.* (1975), 167 Ind.App. 472, 485, 339 N.E.2d 562, 572. Similarly, an act is arbitrary or capricious when it is without some basis which would lead a reasonable and honest person to the same conclusion as the agency. *State Bd. of Tax Comm'rs v. South Shore Marina* (1981), Ind.App., 422 N.E.2d 723, 727.

The evidence submitted by Bailey to the State Board after its first hearing was sufficient to meet its initial burden of proof. The efficacy of the evidence is illustrated by the State Board's subsequent assessment of Stine. Bailey could only be required to submit additional documentation if the State Board acquired evidence that contradicted the initial evidence submitted by Bailey and accepted by the Board. The State Board, through its hearing officer, testified it had evidence contradicting Bailey's claims. An assessment was subsequently made against Bailey. The problem with the final determination to assess Bailey is that no evidence contradicting Bailey's initial evidence has been presented to this court. The hearing officer, in both his testimony and his recommendation adopted by the State Board, made reference to statements made by Stine. No direct evidence was ever submitted, either through testimony by Stine personnel or by documentation.[1]

The State Board has administrative discretion to make its determination but it is also required to make available to the court the evidence upon which the determination was based. This requirement is to "assure that the administrative process does not exceed the bounds of justice...." *Uhlir,* 255 Ind. at 344, 264 N.E.2d at 313. The court cannot properly review a determination unless it is apprised of the basis for the determination.

The court finds that the State Board's final determination is not supported by substantial evidence and is "arbitrary and capricious". The State Board initially accepted Bailey's documentation in support of its 103–N claims, as is evidenced by its assessment against Stine. The Board failed to submit any evidence to the court establishing a reasonable basis for its subsequent assessment against Bailey. The case is remanded for further action consonant with the court's opinion.

ORDERED.

---

1. The final determination mentions a settlement agreement between Bailey and Stine in another matter in which Bailey agreed to be treated as owner of some of the seeds. The agreement was never submitted to this court as evidence. Even if the agreement had been submitted it would not be probative because a settlement of a claim is not an admission that a claim is valid.

5 I.L.E. *Compromise and Settlement* § 22 (1984). The law favors the resolution of controversies through settlement and an offer to settle is treated as an effort to obtain peace rather than an admission of the validity of another party's claim. 15 Am.Jur.2d *Compromise and Settlement* § 5 (1976).