**HI–TEMP, INC. OF DECATUR COUNTY, Indiana,**
**Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS and the Auditor of Decatur County, Indiana, Respondents.[1]**

No. 49T10–9402–TA–00078.

Tax Court of Indiana.

Jan. 9, 1995.

**1.** Although the Auditor of Decatur County, Indiana (Auditor) is named as a respondent in the caption of this case, there is no record that summons has been served on the Auditor in accord with Ind.Tax Court Rule 4 and Ind.Trial Rule 4.11. As a result, the court does not have jurisdiction over the Auditor and judgment in this case extends only to the State Board of Tax Commissioners.

was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in excess of statutory authority.

## FACTS AND PROCEDURAL HISTORY

Hi–Temp operates a manufacturing business in Decatur County, Indiana and is located in an ERA established under IND.CODE 6–1.1–12.1. On March 4, 1991, the City of Greensburg granted Hi–Temp a personal property tax deduction for new manufacturing equipment it installed in the ERA.[2] The deduction was granted for a period of ten years.

On January 4, 1994, the State Board issued Hi–Temp a final determination explaining that because Hi–Temp had not filed a deduction application as required under I.C. 6–1.1–12.1–5.5(d), it would certify to the Auditor that Hi–Temp was entitled to an ERA deduction of $0 for the March 1, 1993, assessment. In an attempt to obtain an ERA deduction for the March 1, 1993, assessment, Hi–Temp filed a late deduction application with the Auditor on February 16, 1994, and filed this appeal on February 18, 1994. The case is now before the court on Hi–Temp's motion for summary judgment.

## DISCUSSION AND ANALYSIS

A motion for summary judgment may be granted "only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law." *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1224. *See also* Ind.Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Harlan Sprague Dawley,* 605 N.E.2d at 1224. All facts and any inferences drawn from those facts, however, will be viewed in a light most favorable to the nonmovant. *Knauf Fiber Glass, GmbH v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 629 N.E.2d 959, 961.

█ Moreover, "[t]he State Board is accorded great deference when acting within the scope of its authority." *Wirth v. State*

William Orville Smith, Greensburg, and Mark Anderson, SHAHEEN, LUNDBERG, CALLAHAN & ORR, Chicago, IL, for petitioner.

Pamela Carter, Atty. Gen. of Indiana and Joel Schiff, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Hi–Temp, Inc. of Decatur County, Indiana, (Hi–Temp), appeals the final determination of the State Board of Tax Commissioners, (the State Board), entitling Hi–Temp to an economic revitalization area (ERA) deduction of $0 for the March 1, 1993, assessment.

### ISSUE

One issue is before the court: whether the State Board's January 4, 1994, final determination entitling Hi–Temp to an ERA deduction of $0 for the March 1, 1993, assessment

**2.** *See* I.C. 6–1.1–12.1–1(3) and 4.5.

*Bd. of Tax Comm'rs* (1993), Ind.Tax, 613 N.E.2d 874, 876. Accordingly, the court's function is to determine whether the State Board's action is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in excess of statutory authority. *Kimco Leasing, Inc. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 622 N.E.2d 590, 592. In making this determination, the court may not consider facts that were not presented to the State Board. *American Juice Co. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 527 N.E.2d 1169, 1170. Rather, the court must look at the facts as they were found by the State Board. *Id.*

The facts of this case must be considered in light of I.C. 6–1.1–12.1–5.5. It states:

(a) A person that desires to obtain the deduction provided by section 4.5 of this chapter [deduction for installing new manufacturing equipment in an economic revitalization area] *must file a certified deduction application* on forms prescribed by the state board of tax commissioners *with:*

(1) the *auditor* of the county in which the new manufacturing equipment is located; *and*

(2) the *state board of tax commissioners.*

A person that timely files a personal property return under IC 6–1.1–3–7(a) for the year in which the new manufacturing equipment is installed must file the application *between March 1 and May 15* of that year. . . .

\*    \*    \*    \*    \*    \*

(d) A deduction application must be filed under this section in the year in which the new manufacturing equipment is installed and in each of the immediately succeeding four (4) or nine (9) years, whichever is applicable.

(e) *The state board of tax commissioners shall review and verify the correctness of each deduction application and shall notify the county auditor of the county in which the property is located that the de-*

*duction application is approved or denied or that the amount of that deduction is altered.* Upon notification of approval of the deduction application or of alteration of the amount of the deduction, the county auditor shall make the deduction.

I.C. 6–1.1–12.1–5.5 (emphases added).

Hi–Temp acknowledges that it did not file its deduction application between March 1, 1993, and May 15, 1993, as required by I.C. 6–1.1–12.1–5.5(a) and (d). *Petitioner's Memorandum in Support of Motion for Summary Judgment* at 1. It insists, however, that when the City of Greensburg granted it an ERA deduction for its new manufacturing equipment, it became entitled to the deduction, which the State Board "cannot defeat . . . by refusing to calculate it or by refusing to accept a belated application for calculation of the assessment deduction." *Petitioner's Memorandum in Support of Motion for Summary Judgment* at 6. Hi–Temp also insists that the case of *State Board of Tax Commissioners v. New Energy Company of Indiana* (1992), Ind.App., 585 N.E.2d 38, dictates that the State Board must redetermine the amount of its ERA deduction based on its late deduction application.

■ Contrary to Hi–Temp's assertion, the State Board's January 4, 1993, final determination does not constitute a refusal to calculate Hi–Temp's deduction. When the State Board issued its final determination, it did not have Hi–Temp's deduction application for the March 1, 1993, assessment. Indeed, Hi–Temp did not file a deduction application for the March 1, 1993, assessment until February 16, 1994—43 days *after* the State Board issued its final determination. Without a deduction application, the State Board lacked the information necessary to calculate the amount of Hi–Temp's deduction.[3] Consequently, the State Board had no alternative but to certify to the Auditor an ERA deduction of $0, and its final determination reflects not a refusal to calculate the amount of the deduction, but rather the inability to calculate the amount of the deduction.

---

**3.** As Hi–Temp states in its own brief: "[t]o determine the amount of the deduction, the State Tax Board needs information from the manufacturing business. The State Tax Board cannot gener- ate or ascertain that information from its own records." *Petitioner's Memorandum in Support of Motion for Summary Judgment* at 4.

■ Similarly, the State Board's final determination does not constitute a refusal to accept Hi–Temp's late deduction application. Indeed, the facts could not lead to such a conclusion for the State Board did not have Hi–Temp's deduction application before it when it rendered its January 4, 1994, final determination. Finally, because the State Board has taken no action on Hi–Temp's late deduction application, any issues surrounding it—including whether the State Board must redetermine Hi–Temp's deduction—are not ripe for this court's consideration.[4]

## CONCLUSION

■ Because Hi–Temp did not file a deduction application, as required by I.C. 6–

1.1–12.1–5.5, before the State Board rendered its January 4, 1993, final determination, the final determination is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in excess of statutory authority. Accordingly, Hi–Temp's motion for summary judgment is DENIED. Summary judgment is GRANTED in favor of the State Board of Tax Commissioners.

---

4. Although Hi–Temp filed a late deduction application for the March 1, 1993, assessment with the Auditor, there is some question as to whether Hi–Temp filed a late deduction application with the State Board. Counsel for the State Board points out that on the date Hi–Temp filed this case, Hi–Temp still had not filed a deduction application with the State Board. *Respondent's Response to Petitioner's Motion for Summary Judgment* at 1.