**STATE BOARD OF TAX COMMIS-
SIONERS OF INDIANA, Appel-
lant–Defendant,**

v.

**NEW ENERGY COMPANY OF
INDIANA, Appellee–
Plaintiff.**

**No. 71A03–9107–CV–210.**

Court of Appeals of Indiana,
Third District.

Jan. 27, 1992.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

John R. Van Winkle, Dennis F. Cantrell, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, Timothy J. Abeska, Roemer & Mintz, South Bend, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant State Board of Tax Commissioners of Indiana (Board) appeals the decision of the St. Joseph Circuit Court granting summary judgment in favor of appellee-plaintiff New Energy Company of Indiana (New Energy).[1]

The facts relevant to the appeal disclose that in 1979, New Energy obtained an option to purchase a 70–acre piece of property in South Bend, Indiana, for the purpose of constructing an ethanol production facility. On September 13, 1982, the Common Council of the City of South Bend adopted a resolution designating the property as an urban development area for personal property tax abatement purposes. New Energy began construction of the ethanol facility shortly thereafter, and the facility began operation on October 1, 1984.

New Energy employed the accounting firm of Coopers & Lybrand to prepare its tax returns. Pursuant to an extension of time, New Energy filed its personal property tax returns, Forms 103 and 104, on June 14, 1985. Along with Forms 103 and 104, Coopers & Lybrand had also prepared Form 322 UD/PP, the Application For Deduction From Assessed Valuation For New

1. This Court would note that the effective date of IND.CODE § 33–3–5–1, the statute establishing the Indiana tax court, was July 1, 1986. New Energy filed its complaint against the Board on June 10, 1986; therefore, this Court rather than the tax court has jurisdiction over the case.

Manufacturing Equipment In Economic Revitalization Area; however, "due to an inadvertent, erroneous oversight on the part of a Coopers & Lybrand staff person," Form 322 UD/PP was not filed with Forms 103 and 104. Upon discovering its mistake, Coopers & Lybrand advised New Energy to file Form 322 UD/PP which it did on July 10, 1985. On May 12, 1986, the Board denied the application for deduction due to the untimely filing.

New Energy appealed the Board's determination to the St. Joseph Circuit Court. Both New Energy and the Board filed motions for summary judgment in which they stipulated that the sole issue before the court was whether the Board had the authority to consider the application for deduction notwithstanding the untimely filing. After a hearing on the motions, the court ruled that the Board did have such authority and remanded the case to the Board for consideration of New Energy's application on the merits. This appeal ensued.

■■■ The Board's sole claim on appeal is that the trial court erred in granting summary judgment in favor of New Energy on the issue of whether the Board had the authority to consider New Energy's application for deduction notwithstanding the untimely filing. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind.Trial Rule 56(C);

*Thomas v. Whiteford Nat. Lease* (1991), Ind.App., 580 N.E.2d 717, 718.

Cross motions for summary judgment do not alter the standard for granting summary judgment. *Caylor–Nickel v. Dept. of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 766.

■■ IND.CODE § 6–1.1–12.1–5.5(a) (1988 Ed.) establishes the deadline for filing an application for a deduction from the assessed valuation for new manufacturing equipment in an economic revitalization area:

> "A person that desires to obtain the deduction provided by section 4.5 of this chapter must file a certified deduction application, on forms prescribed by the state board of tax commissioners, with:
>
> (1) the auditor of the county in which the new manufacturing equipment is located; and
>
> (2) the state board of tax commissioners.
>
> A person that timely files a personal property return under IC 6–1.1–3–7(a) for the year in which the new manufacturing equipment is installed must file the application between March 1 and May 15 of that year. A person that obtains a filing extension under IC 6–1.1–3–7(b) for the year in which the new manufacturing equipment is installed must file the application between March 1 and June 14 of that year."

New Energy claims that Coopers & Lybrand confused the above statute with IND. CODE § 6–1.1–12.1–5 which applies to deductions for real property in an economic revitalization area rather than for new manufacturing equipment.[2] However, New Energy does not dispute that the application for deduction was untimely filed. Because IND.CODE § 6–1.1–12.1–5.5 uses the term "must" which implies a mandatory condition, the Board argues that it could not consider the late application.

In support of its position, the Board relies on *Indiana State Bd. of Tax Com'rs v. Stanadyne* (1982), Ind.App., 435 N.E.2d 278, a case in which this Court noted the long-established rule that "an exemption

---

**2.** IND.CODE § 6–1.1–12.1–5(b) allows the taxpayer to file an application for the deduction within 30 days after notice of assessment.

unclaimed is forever lost." *Id.* at 283. However, as the trial court noted, deductions and exemptions are two separate and distinct things.[3] Moreover, the legislature expressly provided for waiver of exemptions in IND.CODE § 6–1.1–11–1:

> "An exemption is a privilege which may be waived by a person who owns tangible property that would qualify for the exemption. If the owner does not comply with the statutory procedures for obtaining an exemption, he waives the exemption. If the exemption is waived, the property is subject to taxation."

Clearly, the legislature could have provided a similar statute for deductions, but it did not do so. Neither IND.CODE § 6–1.1–12.1–5.5 nor any other statute contains any language prohibiting the Board from considering an untimely application for a deduction; therefore, the trial court did not err in granting New Energy's motion for summary judgment.

This Court would also note that IND. CODE § 6–1.1–37–7(a) provides the penalty for a late filing of a personal property return:

> "If a person fails to file a required personal property return on or before the due date, the county auditor shall add a penalty of twenty-five dollars ($25) to the person's next property tax installment. The county auditor shall also add an additional penalty to the taxes payable by the person if he fails to file the personal property return within thirty (30) days after the due date. The amount of the additional penalty is twenty percent (20%) of the taxes finally determined to be due with respect to the personal property which should have been reported on the return."

Not allowing a late filing of an application for a deduction when a late filing of a return is allowed would be incongruous and unfair. Again, the trial court did not err in granting New Energy's motion for summary judgment.

Affirmed.

RATLIFF, C.J., and GARRARD, J., concur.

---

[3] IND.CODE § 6–1.1–1–5 defines deduction as "a situation where a taxpayer is permitted to subtract a fixed dollar amount from the assessed value of his property." IND.CODE § 6–1.1–1–6 defines exemption as "a situation where a certain type of property, or the property of a certain kind of taxpayer, is not taxable under this article."