**UNITED RURAL ELECTRIC MEMBERSHIP CORPORATION, Appellant–Plaintiff,**

v.

**INDIANA MICHIGAN POWER COMPANY, Appellee–Defendant.**

No. 17A03–9303–CV–104.

Court of Appeals of Indiana, Third District.

March 27, 1995.

David S. Richey, Parr, Richey, Obremskey & Morton, Indianapolis, Carol Sparks Drake, Parr, Richey, Obremskey & Morton, Lebanon, Gary J. Rickner, Barrett & McNagny, Fort Wayne, and Stanley Matheny, Matheny, Michael, Hahn & Bailey, Huntington, for appellant.

Jerry P. Belknap, Stanley C. Fickle, Brian J. Martin, and Jan M. Carroll, Barnes & Thornburg, Indianapolis, and Greg Clark, Fort Wayne, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff United Rural Electric Membership Corporation (United REMC) appeals from the denial of its motion for summary judgment and the grant of summary judgment in favor of appellee-defendant Indiana Michigan Power Company (I & M). The designated facts relevant to this appeal are set forth below.

United REMC is a distribution cooperative engaged in retail sale of electricity in various counties in northern Indiana. I & M is an investor-owned utility also serving portions of northern Indiana.

In 1980, the Indiana legislature enacted the Electricity Suppliers Service Area Assignment Act (codified at IND.CODE § 8–1–2.3–1 through IND.CODE § 8–1–2.3–6)

("Act"). The Act allotted geographical territories to the various electric suppliers giving each supplier exclusive rights to furnish retail service in its designated area.

Prior to the Act, United REMC had exclusively furnished retail service to the area which is the subject of this dispute, a 960–acre tract of land located in Allen County. Shortly after the Act took effect, I & M and United REMC, geographically adjacent suppliers, agreed upon a boundary line between their supply areas allowing United REMC to maintain exclusive control over the 960–acre tract of land (service area). On June 28, 1982, the two suppliers filed a joint petition with the public service commission of Indiana ("Commission")[1] which embodied the above agreement.

The Commission held a public hearing on the joint petition on September 1, 1983. However, the Commission failed to enter an order on the petition. In 1984, while the petition was still pending, General Motors announced its intention to build a truck assembly plant in northern Indiana, specifically within the service area.

In August 1984, after request by General Motors for it to furnish electricity to the plant, I & M filed a petition with the Commission seeking modification of the service area. After a series of public hearings, the Commission entered an order assigning the area of the proposed General Motors plant to I & M. United REMC pursued an appeal which resulted in a reversal of the Commission's order by our supreme court on February 6, 1990. See United Rural Elect. v. Ind. & Mich. Elec. (1990), Ind., 549 N.E.2d 1019.

Thereafter in October 1990, United REMC filed a claim against I & M pursuant to IND.CODE § 8–1–2.3–4 seeking in excess of $29,000,000.00 in "gross revenues" as damages for I & M rendering service to the General Motors plant between December 10, 1984 and August 8, 1990. After both parties filed motions for summary judgment, the trial court entered summary judgment in favor of I & M and against United REMC citing lapse of the statute of limitations and failure

to seek injunction as a prerequisite to money damages under IND.CODE § 8–1–2.3–4. This appeal ensued.

United REMC raises two issues on appeal which we consolidate into one: whether the trial court erred by entering summary judgment in favor of I & M.

United REMC claims the trial court improperly denied its motion for summary judgment and granted summary judgment in favor of I & M. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. Chambers v. American Trans Air, Inc. (1991), Ind.App., 577 N.E.2d 612, 614, trans. denied. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. This Court's standard of review is the same as that used by the trial court: whether there is a genuine issue of fact and whether the moving party is entitled to judgment as a matter of law. State Bd. of Tax Com'rs v. New Energy Co. (1992), Ind.App., 585 N.E.2d 38, 39, trans. denied. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. Ind. Trial Rule 56(C).

It is undisputed that General Motors was scheduled to open its plant in November 1985. At that time, United REMC was not in a position to supply the plant with electric service, and General Motors had concerns about its ability to do so in the future. When I & M was approached by General Motors to provide the necessary service, I & M explained to General Motors that it could provide service for the plant only if authorized to do so by the Commission. Acting in good faith and complying with the law, I & M did not supply service to the General Motors plant until after petitioning the Commission for and successfully receiving a modification of the service area.

1. By legislative amendment in 1988, the Commission was renamed the Indiana utility regulatory commission.

■ Orders of the Indiana Utility Regulatory Commission are deemed presumptively valid and in force until found otherwise on appeal. *See* IND.CODE § 8–1–3–6. Indiana law imposes a duty upon public utility providers to obey the orders of the Commission. *See* IND.CODE § 8–1–2–109; IND.CODE § 8–1–2–112. This duty remains in effect at all times in which orders are in force, including the time in which an appeal is pending. This being so, it is clear that after the Commission granted I & M's petition and ordered the modification in the service area in 1984, I & M could not take the law into its own hands and refuse compliance; I & M had no choice but to obey the Commission's order. Indeed, failure to comply with the Commission's order would have subjected I & M to potential penalty, IND. CODE § 8–1–2–109, potential liability to General Motors for injury caused by its wrongful actions, IND.CODE. § 8–1–2–107, and other remedial measures exacted by the Commission, IND.CODE § 8–1–2–4.

United REMC's argument that "gross revenues" are owing under IND.CODE § 8–1–2.3–4 because the Indiana Supreme Court found the Commission's order to be void, is without merit. As stated by our supreme court in *Martin v. Ben Davis Conservancy District* (1958), 238 Ind. 502, 510, 153 N.E.2d 125 (applying the concept of color of law or apparent authority of law to statutes later found to be unconstitutional):

> "The theory that a law held unconstitutional is no law at all and *void abinitio* for all purposes, including retroactive invalidity, runs counter to the hard facts of life. The actual existence of a statute prior to a determination of invalidity is an operative fact. Because of such *de facto* existence and reliance upon its validity, it has practical consequences which cannot be justly ignored. The past cannot always be erased by a simple judicial decree."

(Emphasis original.) In a similar vein, at all times relevant to this dispute, I & M acted within the boundaries of the law and under the color and apparent legal authority of the Commission when it provided electric service to the General Motors plant. Immediately after receiving notice of the invalidity of the Commission's order, I & M promptly attempted to relinquish the service area to United REMC. Also, when United REMC filed its complaint, I & M had already stopped rendering or extending retail electric service to the General Motors site.

■ That the Commission's order was later invalidated by our supreme court does not render I & M's actions retroactively "unlawful" for purposes of recovery under IND. CODE § 8–1–2.3–4. It would be illogical and manifestly unreasonable to exact penalties upon I & M as punishment for its actions in the present case for I & M was merely complying with an order of the Commission, which under Indiana law, it had no option to ignore. *See Atlantic Coast Line Railroad Co. v. Florida* (1935), 295 U.S. 301, 311, 55 S.Ct. 713, 717, 79 L.Ed. 1451 (inequitable to compel railroad to make restitution for benefit received while acting pursuant to order of interstate commerce commission later voided where carrier was not at liberty to take law into own hands and such disobedience would potentially result in criminal and civil penalties); *Illini Coach Co. v. Illinois Highway Transp. Co.* (1960), 25 Ill.App.2d 168, 166 N.E.2d 161 (no damages recoverable by motor carrier where competing carrier operated pursuant to order of state commerce commission with which it was obligated to comply even though subsequently voided by state supreme court).

For the above-stated reasons, I & M is entitled to summary judgment as a matter of law. There being no error, the decision of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

The rationale employed by the Majority is wide of the mark. The bullseye is a statutory interpretation in the light of *United Rural Elect. v. Ind. & Mich. Elec.* (1990), Ind., 549 N.E.2d 1019, *reh. denied.* Color of law rationale is a plausible rationale, but it is not the most applicable. Here the statute, Ind.Code

**1198**

§ 8–1–2.3–4, provides a single remedy when one "electricity supplier" invades the service territory of another—file for injunctive relief in the circuit or superior court. Then and only then will gross revenues, attorney fees, and other costs be available to the invaded "electricity supplier" if it is successful on appeal. Using the rationale of our Supreme Court and its interpretation of the statutory intent of the Indiana Legislature in *United Rural Elect., supra,* failure to enjoin is a waiver of the statutory remedy. Failure to follow the strict, singular remedy provided by the statute cannot affect the right to occupy the claimed territory, but it does amount to a default in asserting any other remedy as was attempted here by United Rural Electric Membership Corporation. The foregoing rationale is more applicable than the color of law rationale; therefore, I concur in result.