**GRAYBAR ELECTRIC CO., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9603–TA–00022.

Tax Court of Indiana.

Feb. 2, 2000.

---

Jeffrey T. Bennett, Daniel P. Byron, McHale Cook & Welch, P.C., Indianapolis, Indiana, Attorneys for Petitioner.

B. Keith Shake, Robert L. Hartley, Jr., Henderson, Daily, Withrow & Devoe, Indianapolis, Indiana, Amicus Curiae for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

Graybar Electric Company (Graybar) appeals from a final determination of the State Board of Tax Commissioners (State Board), denying its claim for the Enterprise Zone Business Personal Property Tax Credit (EZ Credit) for the March 1, 1994 tax year, based on the untimeliness of Graybar's application.[1] In its original tax appeal, Graybar presents one issue for this Court's determination: Whether the State Board possessed the authority to consider Graybar's application for the EZ Credit because it was untimely filed. For the reasons explained below, the Court answers the above question in the affirmative and reverses the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

■ Graybar is an electric company with an office in Hammond, Indiana. Lake County allows a property tax credit for "enterprise zone inventory," which is inventory located within an enterprise zone on the assessment date. *See Indiana Sugars, Inc. v. State Board of Tax Commissioners*, 683 N.E.2d 1383, 1384 (Ind.Tax Ct.1997) (citing IND.CODE ANN. § 6–1.1–20.8–1 (West 1989)). The credit is granted in order to encourage capital investment in the enterprise zone area and to create jobs. (Trial Tr. 21–22.) To obtain the credit, Graybar was required to file its application with both the Lake County Auditor and the State Board. *See* IND.CODE ANN. § 6–1.1–20.8–2 (West 1989 & Supp. 1999) (amended 1996). As an additional requirement, Graybar was required to file its application within a time period as required by IND.CODE ANN. § 6–1.1–20.8–2, which states in part:

> A person that timely files a personal property return under IC 6–1.1–3–7(a) for an assessment year must file the application between March 1 and May 15 of that year in order to obtain the credit in the following year. A person that obtains a filing extension under IC 6–1.1–3–7(b) for an assessment year must file the application between March 1 and June 14 of that year in order to obtain the credit in the following year.

Graybar first filed its EZ Credit application for the 1994 tax year with the Lake County auditor's office in July of 1995, after it received its 1994 tax bill, which did not reflect the EZ Credit. The Lake County Board of Review (BOR) subsequently denied Graybar's application on August 7, 1995. In September of 1995, Graybar appealed this ruling to the State Board and filed a second application for the 1994 EZ Credit with the BOR as a protective measure. The State Board held a hearing on December 5, 1995 and on February 8, 1996 issued its final determination, denying Graybar the EZ Credit for the 1994 tax year because it lacked jurisdiction to hear the claim.[2] The Court held a trial in this matter on January 31, 1997, followed by oral arguments from both par-

---

1. Graybar contends that the credit was worth approximately $60,000 plus interest to Graybar for the 1994 tax year. (Trial Tr. at 22–23.) However, IND.CODE ANN. § 6–1.1–20.8–2 (West 1989 & Supp.1999) (amended 1996) makes no provisions for inclusion of interest in a credit application.

2. Since the State Board decided this issue purely on jurisdictional grounds, it did not address the merits of Graybar's appeal; however, the State Board does not dispute that Graybar had received the credit in the years preceding and following 1994.

ties on June 19, 1997. Additional facts will be supplied where necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives the State Board's decisions great deference when the Board acts within the scope of its authority. *See Indiana Sugars,* 683 N.E.2d at 1385. As such, final determinations by the State Board are only reversed by this Court when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *See id.* The Court notes that Graybar bears the burden of demonstrating the invalidity of the State Board's final determination. *See Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1233 (Ind.Tax Ct.1998).

### Discussion

■ It should be noted that in Indiana, taxes are paid one year after the annual March 1 assessment date. *See* IND. CODE ANN. § 6–1.1–4–4 (West 1989 & Supp. 1999) (amended 1997). Graybar claims that its tardy filing for the EZ Credit should not preclude the State Board from considering and granting its application for the 1994 tax year. In support of this claim, Graybar asserts that *State Board of Tax Commissioners of Indiana v. New Energy Company of Indiana,* 585 N.E.2d 38 (Ind.Ct.App.1992) *trans. denied* should control the outcome of this case.[3] In *New Energy,* the State Board relied on IND.CODE ANN. § 6–1.1–12.1–5.5(a) (West 1988)[4] when it denied New Energy's Application for Deduction from Assessed Valuation For New Manufacturing Equipment In Economic Revitalization Area (Equip-

ment Deduction) based on New Energy's untimely filing. Section 6–1.1–12.1–5.5(a) (West 1988) states in part:

> A person that timely files a personal property return ... for the year in which the new manufacturing equipment is installed must file the application between March 1 and May 15 of that year. A person that obtains a filing extension ... must file the application between March 1 and June 14 of that year.

The trial court ruled that, despite the language of the statute, the State Board had the *authority* to hear a late-filed application and remanded the case to the State Board for further consideration. *See New Energy,* 585 N.E.2d at 39. The Court of Appeals agreed with the trial court and affirmed. *See id.* at 40. ("Neither IND. CODE § 6–1.1–12.1–5.5 nor any other statute contains any language prohibiting the Board from considering an untimely application for a deduction; therefore, the trial court did not err in granting New Energy's motion for summary judgment.") In this case, the State Board presents an argument similar to that made in *New Energy* that—section 6–1.1–20.8–2 operates as an implied waiver if a credit application is filed late. *See id.* (In *New Energy,* the State Board argued that it lacked jurisdiction to consider a late-filed deduction application.)

■ In an effort to determine the applicability of the *New Energy* decision, the Court must first discuss the definitions and differences between a tax credit and a tax deduction. IND.CODE ANN. § 6–1.1–1–5 (West 1989) defines a deduction as "a situation where a taxpayer is permitted to subtract a fixed dollar amount from the

---

**3.** The Court notes that while decisions of the Indiana Court of Appeals are not controlling authority in the Tax Court, they can be considered persuasive authority. *See Uniden Am. Corp. v. Department of State Revenue,* 718 N.E.2d 821, 828 (Ind.Tax Ct.1999); *see also LeSea Broad. Corp. v. State Bd. of Tax*

*Comm'rs,* 512 N.E.2d 506, 509 (Ind.Tax Ct.1987) *adopted by State Board of Tax Commissioners v. LeSea Broad. Corp.,* 511 N.E.2d 1009 (Ind.1987).

**4.** This statute has been amended several times since 1988, most recently in 1997.

assessed value of his property." The Indiana Code does not provide a definition for a "credit," in a tax context, so the Court will look to other sources for guidance. WEST'S TAX LAW DICTIONARY 193 (1995) defines a tax credit as "an allowance against the tax itself." At trial, the State Board's hearing officer stated that a deduction is something subtracted from an assessment and a credit is an amount subtracted from a taxpayer's liability. (Trial Tr. at 33–34.) Thus, credits directly reduce tax liability while deductions reduce the value of the subject of the tax.

■ See New Energy, 585 N.E.2d at 40. The State Board next asserts that the language contained in section 6–1.1–20.8–2 creates a condition precedent. Graybar on the other hand, claims that the operative language of section 6–1.1–20.8–2 merely notifies taxpayers when the credit will be applied. A condition precedent is either a condition which must be performed before an obligation becomes binding or a condition which must be fulfilled before the duty to perform an existing obligation arises. See Barrington Mgm't Co. v. Paul E. Draper Family Ltd. Partnership, 695 N.E.2d 135, 141 (Ind.Ct.App.1998).

■ When a statute is reasonably susceptible to more than one interpretation, it is the role of a court to ascertain and give effect to the intent of the legislature. See Dalton Foundries, Inc. v. State Bd. of Tax Comm'rs, 653 N.E.2d 548, 552 (Ind.Tax Ct.1995). To determine the legislature's intent, the words of a statute must be read in their plain, ordinary and usual sense. See Caylor–Nickel Clinic, P.C. v. Department of State Revenue, 569 N.E.2d 765, 768 (Ind.Tax Ct.1991) aff'd, 587

N.E.2d 1311 (Ind.1992). If a particular interpretation leads to an absurd result or a result that the legislature, as a reasonable body, could not have intended, the court will reject that interpretation. See Dalton Foundries, 653 N.E.2d at 553–54. Both interpretations as contended by each party are reasonable and therefore the Court will interpret section 6–1.1–20.8–2.

In interpreting section 6–1.1–20.8–2, the Court finds that the following language present in section 6–1.1–12.1–5.5 is similar to language found in section 6–1.1–20.8–2:

A person that timely files a personal property return ... for the year in which the new manufacturing equipment is installed must file the application between March 1 and May 15 of that year. A person that obtains a filing extension ... must file the application between March 1 and June 14 of that year.

See supra at 493, 494–495. There is, however, an additional phrase present in section 6–1.1–20.8–2 that reads, "in order to obtain the credit in the following year.[5]" It is this phrase that the State Board claims creates the condition precedent. (Resp't. Br. at 3.) The Court agrees with Graybar that the phrase informs taxpayers that the credit will be applied in the following year. Since taxes are paid in Indiana one year after property is assessed, if the phrase "in the following year" were not present in section 6–1.1–20.8–2, taxpayers may believe that they are entitled to the credit in the same year the application was filed or that their property was assessed.[6]

A final contention of Graybar's concerns issues related to the case raised by Amicus in its brief. Amicus contends that a late filed deduction, credit or abatement appli-

---

5. See supra at 493 for a more complete version of this statute.

6. Both sections 6–1.1–12.1–5.5 and 6–1.1–20.8–2 are designed to encourage investment in Indiana. Therefore, in the Court's view, it does not make sense to interpret the two statutes in a way that leads to inconsistent results. See Dalton Foundries, 653 N.E.2d at 553–54.

cation must be considered on its merits. It further argues that, absent an untimely filing, such applications must be granted. Finally, Amicus believes this result is fair, since it contends that the State Board lacked ascertainable standards in deciding whether to grant a late filed application. In support of this, Amicus points to other statutes that impose a monetary fine as the penalty for late filing. *See* IND.CODE ANN. §§ 6–1.1–37–7(a), 6–4.1–4–6(a) and 6–8.1–10–2.1(g) (West Supp.1999).

The Court recognizes these well-reasoned and logical arguments; however, the only issue before this Court in the case at bar is whether the State Board had the authority to consider a late filed credit application. We find that it does have jurisdiction. Whether the State Board acts accordingly on Graybar's application however, must be decided another day. For the Court to go beyond the issue at hand would at best confound this case with unnecessary dicta and at worst usurp the authority of both the legislature and the State Board. The Court appreciates Amicus' invitation to expand the law but declines it.

The Court therefore finds that even though Graybar's application was filed late, the State Board should not have dis-missed it for lack of jurisdiction. On remand, the State Board is directed to consider the merits of Graybar's application.[7] *See New Energy,* 585 N.E.2d at 40. The Court notes that while the State Board is required to *consider* Graybar's application, it is not, by this decision necessarily required to *grant* it. *See New Energy,* 585 N.E.2d at 40 (affirming trial court's ruling that State Board could not deny New Energy's deduction application based solely on its untimely filing.); *see also Dalton Foundries,* 653 N.E.2d at 554 (Having the authority to do a thing, however, is not the same as being required to do it.)

## CONCLUSION

For the reasons stated above, the Court REVERSES the final determination of the State Board, denying Graybar its EZ Credit for the 1994 tax year based on Graybar's untimely filing of the EZ Credit application and REMANDS this case for further consideration in a manner consistent with this decision.

---

**7.** Since the Court decides this case using the same reasoning as the Court of Appeals did in *New Energy,* it uses the same language here in ordering the remand.